## 10975. SAVAGE v. THE STATE.

A moot case only was presented by the motion for a new trial of a defendant convicted in a criminal case and sentenced to pay a fine and costs, where, after the trial judge had signed the usual certificate to the motion and an order granting a rule nisi thereon and a supersedeas, and before the filing of the motion, the fine and costs were paid and the defendant was discharged from imprisonment. The trial judge therefore did not err in dismissing the motion for a new trial, on motion of counsel for the State, based on these facts.

                 DECIDED DECEMBER 9, 1919.

Motion for new trial; from city court of Floyd county—Judge Nunnally. September 26, 1919.

In the bill of exceptions it was contended that the person who paid the fine for the defendant had no right to do so; that neither the defendant nor another person had the right to pay the fine without the consent of the court; that the judgment was superseded pending the motion, and the paying of the fine was contrary to law.

*W. B. Mebane,* for plaintiff in error.

*J. F. Kelly, solicitor,* contra.

BLOODWORTH, J. The bill of exceptions in this case shows: "that on the 12th day of September, 1919, in said [city] court said defendant was convicted of the offense of selling by false

weights and measures, and sentenced by the court to pay a fine in the sum of $100 and costs; that on the 12th day of September, 1919, after said conviction, his honor W. J. Nunnally, judge as aforesaid, signed and certified a motion for new trial in said case, and on the 15th day of September, 1919, said motion for new trial was duly filed in the office of the clerk of said city court; that on the 26th day of September, 1919, a brief of the evidence in said case, an amended motion for new trial and the charge of the court were filed in the office of said clerk; that on the 26th day of September, 1919, the State filed a motion to dismiss said motion for new trial, on the ground that one Charlie Gillam had paid the fine of said defendant; that on the filing of said motion and on said 26th day of September, 1919, the defendant by his counsel moved to dismiss said motion of the State, on the ground that same was not sworn to, and said motion was by the court overruled, and thereupon the State offered in evidence the testimony of Charlie Gillam, as follows: 'On Saturday morning, September 13, 1919, after the defendant was convicted, I went over to the jail and the defendant told me he wanted to get out, and I asked him if he wanted me to pay him out, and he said that he did. He never promised to work for the company, but I went and paid out the $100 and costs, and he went on down to the ice plant with me and worked about an hour that day and also a little while on Monday.' J. J. Lovelace, superintendent of the ice company, testified as follows, regarding the payment of the fine of the defendant: 'On Friday evening, the day the defendant was sentenced, that was the 12th of September, the defendant sent for me to come to the jail and see him. I went over to the jail and the defendant told me he wanted me to pay his fine, and that he would work for the ice company till he had worked out the fine. I told him that I would pay the fine, and told him that I did not want him to drive the wagon any more, but that he could do other things about the company. The next morning, Saturday morning, I gave Mr. Gillam a check for the fine and costs, and told him to go and get the negro out, which he did.' The defendant submitted to the court his testimony by affidavit as follows: 'that he has not paid the fine imposed upon him by the court in said case, nor has he authorized anyone else to pay said fine, nor has he consented to, assented,

or authorized any person to pay said fine, and if same has been paid it has been paid without his consent or knowledge. He says that he has filed his motion for new trial in said case, and also a proper bond as is required by law, and that he has been advised and believes that he has been wrongfully and illegally convicted of said offense, and that he has good cause for a writ of error in said case.' That upon hearing said evidence the court sustained said motion on the part of the State and dismissed said motion for new trial of the defendant; to which ruling on the part of the court in dismissing said motion for new trial of the defendant the defendant then and there excepted, and now excepts and assigns same as error." As will be seen from the above, when the fine and costs were paid, no motion for a new trial had been filed, and the accused obtained his release from the jail because of such payment. The payment of the fine and costs satisfied the sentence, and any question sought to be raised by the motion for a new trial is moot. The court properly dismissed the motion for a new trial. See, in this connection, *Johnson* v. *Harris,* 13 *Ga. App.* 618 (79 S. E. 588).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*