37402.   FULTON *v.* CHATTANOOGA PUBLISHING COMPANY.

DECIDED OCTOBER 27, 1958.

*Robert E. Coker, Frank M. Gleason,* for plaintiff in error.

*S. W. Farris, Chambliss, Chambliss & Hodge, Albert L. Hodge,* contra.

NICHOLS, Judge. "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." Ga. L. 1957, pp. 224, 230 (Code, Ann., § 6-701).

It is contended by the plaintiff that under the decisions of the Supreme Court in *Pergason* v. *Etcherson,* 91 *Ga.* 785, 790 (18 S. E. 29), and *Sumner* v. *Sumner,* 121 *Ga.* 1, 4 (48 S. E. 727), the decision complained of, if rendered as contended for by her, would have been final and that the writ of error should not be dismissed on such ground.

The above cited cases were decided by the Supreme Court prior to the enactment of the Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444), as amended by the Act of 1957 (Ga. L. 1957, pp. 224, 236; Code, Ann., § 110-113), which provides for judgments notwithstanding the verdicts in certain cases. Had not the above cited laws been enacted by the General Assembly a judgment denying a motion to dismiss a motion for new trial would, in all cases, being a judgment to which direct exception could properly be taken as a judgment that, if rendered as contended for by the movant, would be final as to some material party and, even though such laws were enacted by the General Assembly, in cases where no motion for a judgment notwithstanding the verdict is pending, such a judgment would be one

from which a direct appeal could be taken. However, where a motion for a judgment notwithstanding the verdict is pending in the trial court a judgment denying a motion to dismiss a motion for new trial is not a judgment that would be final to a material party where the movant in the motion for new trial is the movant in the motion for a judgment notwithstanding the verdict. Accordingly, in the present case where the record discloses that the defendant filed a timely motion for a judgment notwithstanding the verdict which has not been ruled upon, this court is without jurisdiction of the writ of error assigning error on the refusal of the trial court to dismiss the defendant's motion for new trial, and the writ of error must be dismissed. The other grounds of the motion to dismiss the writ of error are not passed upon.

*Writ of error dismissed. Felton, C. J., and Quillian, J., concur.*