### 42715. LIBERTY LOAN & THRIFT CORPORATION v. MEEKS.

FELTON, Chief Judge. 1. The trial judge was not obligated either to require the case to be reported, the provision of *Code Ann.* § 6-805(c) (Ga. L. 1965, pp. 18, 24) being merely discretionary, or to inform the plaintiff of its right to have the case reported at its own expense under the provisions of § 6-805(j).

2. The trial judge did not err in failing to approve a purported stipulation of the case, as provided by *Code Ann.* § 6-805(i), signed only by counsel for the appellant, which created a situation controlled by the provisions of *Code Ann.* § 6-805(g).

3. A valid filing of a transcript of evidence prepared from recollection requires the agreement of the parties or their counsel thereon, or, in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon. *Code Ann.* § 6-805(g). The holding in *Holloway v. Poppell*, 114 Ga. App. 531 (152 SE2d 4), to the extent that an order of the trial judge certifying his inability to recall what occurred could validate such a transcript, is hereby overruled, for the reason that this would validate a transcript the correctness of which was vouched for by only one party— the movant. The court correctly applied the law in the *Holloway* case, supra, although the meaning of the statute was inadvertently misstated in the first sentence of the opinion.

4. Pursuant to the provisions of *Code Ann.* § 6-809 (b) (Ga. L. 1965, pp. 18, 29; Ga. L. 1965, pp. 240, 241; Ga. L. 1966, pp. 493, 500), this court required the trial court to certify the reason for failing to approve appellant's tendered transcript. In accordance with such order, the trial court certified the reason to be his inability to remember the evidence in the case.

5. A determination of the question presented in this appeal from the judgment overruling the plaintiff's motion for a new trial involves necessarily a consideration of the evidence; and "where the evidence is not properly brought up all questions requiring a consideration of evidence will be resolved in favor of the judgment, and it will be affirmed." *Holloway v. Poppell,* supra, p. 532, and cases cited. Therefore, since no approved transcript is in the record, the judgment of the court overruling the plaintiff's motion for a new trial must be affirmed.

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Eberhardt, Pannell, Deen, Quillian and Joslin, JJ., concur.*

SUBMITTED APRIL 3, 1967—DECIDED MAY 19, 1967—
REHEARING DENIED JUNE 9, 1967.

*Olon E. Scott,* for appellant.
*C. Winfred Smith,* for appellees.

