### 42907. HAYES v. THE STATE.

WHITMAN, Judge. This case is an appeal by Eugene Hayes from a judgment of conviction and sentence based upon a verdict of guilty of the offense of driving while under the influence of intoxicating liquors.

The sentence was passed on the defendant on March 22, 1967 and provided: "Whereupon it is considered and adjudged by the court that Eugene Hayes be placed and confined at hard labor in a chain gang upon some public works in said county and state [Dougherty County, Georgia], or wherever the proper authorities may direct, for the term of twelve (12) months; to be discharged therefrom before the expiration of said term upon the payment of one hundred fifty dollars." The fine was paid on March 22, 1967.

A motion for new trial was filed on April 3, 1967, and the notice of appeal was filed in the trial court on April 12, 1967, while the motion for new trial was still pending in that court.

On May 4, 1967, the trial judge entered an order on said motion for new trial providing: "Counsel for the defendant and the solicitor general having stipulated the evidence adduced in the above stated case and submitted a transcript thereof, and it further appearing from the official records of this court that on March 22, 1967, the fine of Eugene Hayes was paid, the court denies a new trial for this defendant and overrules his motion therefor on the ground that such payment indicated by the record renders all questions raised by said motion, moot."

The motion for new trial and rule nisi thereon and order dismissing said motion above set forth are certified by the clerk of the trial court and are a part of the record of the case in this court.

"An appeal from the judgment on the verdict brought while the case is pending on motion for new trial is premature and should be dismissed. See *State Bank of Leesburg v. Hatcher*, 106 Ga. App. 735 (128 SE2d 339). And such appeal is not brought to maturity or perfected by the subsequent overruling of the motion for new trial." *Kurtz v. State*, 115 Ga. App. 665 (155 SE2d 735). And see *Code Ann.* §§ 6-701, 6-809 (b) (2).

The payment of the fine rendered moot the questions raised by the enumeration of errors filed by the appellant. There has been no appeal from the order of the trial judge overruling the motion for new trial. In addition to said order holding the questions raised by the enumeration of errors as moot, see the cases of *Kitchens v. State*, 4 Ga. App. 440 (61 SE 736), and *Savage v. State*, 24 Ga. App. 550 (101 SE 711). See also the Appellate Practice Act of 1965, as amended by § 13 (b) (3), Ga. L. 1966, pp. 493, 500; (*Code Ann.* § 6-809 (b) (3)).

Accordingly the appeal must be and is hereby dismissed on the jurisdictional grounds of the pendency of the motion for new trial undisposed of at the time of the filing of the appeal and of the effect of the payment of the fine as rendering moot the questions raised by the enumeration of errors.

*Appeal dismissed. Bell, P. J., and Pannell, J., concur.*

SUBMITTED JULY 10, 1967—DECIDED SEPTEMBER 5, 1967.

*Frank F. Faulk, Jr.,* for appellant.
*Robert W. Reynolds, Solicitor General,* for appellee.