43007. HILL et al. v. GENERAL REDISCOUNT
CORPORATION, Transferee.

SUBMITTED SEPTEMBER 5, 1967—DECIDED OCTOBER 6, 1967.

460

*Sams & Sams, Marion A. Sams,* for appellants.

*Adalbert Freedman, Marvin P. Nodvin,* for appellee.

EBERHARDT, Judge. ■ Where the evidence was not reported the only way of getting a brief of the evidence upon which the court may consider whether there should be a grant of a new trial is that provided by *Code Ann.* § 6-805 (c, g), that is to say, counsel for the moving party must prepare a brief from recollection and obtain the approval or agreement of opposing counsel to it, or, failing that, the matter must be settled by the trial judge. If the judge is unable to remember the evidence "he shall enter an order stating that fact." *Holloway v. Poppell,* 114 Ga. App. 531 (152 SE2d 4); *Liberty Loan &c. Corp. v. Meeks,* 115 Ga. App. 846 (3) (156 SE2d 172).

Counsel for plaintiff prepared a brief of the evidence and submitted it to defendants' counsel, but he refused to assent to it. The judge could not recall the evidence, and entered an order so stating, and additionally granting a new trial. We can sympathize with the judge's dilemma and with his desire to be fair in the matter, but a verdict (or a judgment rendered by the court trying a case without a jury) can be set aside only in some manner provided by law.

It is true that plaintiff might have moved to set aside the judgment (*Code* § 110-702), or it might have appealed directly without a motion for new trial (*Code Ann.* § 6-702 (a)), but when a motion is filed disposition of it must be had before the appeal is entered. *State Bank of Leesburg v. Hatcher,* 106 Ga. App. 735 (128 SE2d 339); *Kurtz v. State,* 115 Ga. App. 665 (155 SE2d 735). And it is also true that under *Code Ann.* § 70-301 "The motion [for new trial] may be amended any time on or before the ruling thereon, and where the grounds thereof require consideration of the transcript of evidence or proceedings, the court may in its discretion grant an extension of time for the preparation and filing of the transcript, which may be done at any time

on or before the hearing, or the court may in its discretion hear and determine the motion before the transcript of evidence and proceedings is prepared and filed." The very fact that the ground of the motion may require "consideration of the transcript of evidence or proceedings" impels the conclusion that the judge's discretion to hear and determine the motion before the transcript is prepared and filed presupposes that he will do so upon his knowledge or recollection of what the transcript will show and a consideration thereof, if the grounds require consideration of the evidence.

And under *Code Ann.* § 70-301, "The court also shall be empowered to grant a new trial on its own motion within 30 days from entry of the judgment . . . ," but again this would presuppose the knowledge or recollection of the judge in doing so, if the grounds require it.

The whole scheme of the provision for a motion for new trial and for the obtaining of a transcript or the preparation of a brief from recollection conditions the grant of a new trial upon a consideration of the evidence, *if the grounds are such as to require a consideration of the evidence in determining whether the grant is proper.* This is emphasized by the provision that if the judge cannot recollect the evidence sufficiently to enable him to settle the matter, he shall enter an order stating that fact.

■ But there are grounds in the motion here which do not require a consideration of the evidence and which demand the grant of a new trial.

It was provided by Ga. L. 1947, p. 298 (*Code Ann.* § 70-301.1) that a brief of the evidence "shall not be required to be filed with any motion for new trial where the assignments of error made in the motion for new trial, or the amended motion for new trial, do not require the consideration by the court of the evidence in said case," and that without a brief of the evidence the court should pass upon "all questions of law made which do not require a consideration of the evidence in the case. . ." And see *Perry v. Maryland Cas. Co.*, 102 Ga. App. 475 (1) (116 SE2d 620). Although this provision of the law was repealed by § 21 (j) of the Appellate Practice Act (Ga. L. 1965, pp. 18, 38) it is obvious from a consideration of § 16 (*Code Ann.* § 70-301)

that the principle is in harmony with the Act and its purposes. We can perceive no reason for not applying it. To require a brief of the evidence when a consideration of the evidence is not necessary to a decision of the error claimed would be requiring the doing of a vain and useless thing—which the law does not do. No brief is required in connection with a motion to set a judgment aside since that goes to defects not amendable which appear on the face of the record or the pleadings. *Perry v. Maryland Cas. Co.,* 102 Ga. App. 475, supra. If the error relied upon in connection with a motion for new trial is one that appears from the pleadings, the reason for not requiring a transcript or brief of the evidence is the same. Such is the case here.

This action was upon a contract in writing, copy of which was attached as an exhibit to the petition, showing execution of it by the defendants. They filed no plea of non est factum. In these circumstances it is not required that plaintiff prove the writing by introducing the original into evidence, or prove its execution. *Crockett & Co. v. Garrard & Co.,* 4 Ga. App. 360 (2b) (61 SE 552); *Blount v. Radford,* 16 Ga. App. 95 (3) (84 SE 591); *Anderson v. Blair,* 121 Ga. 120 (3) (48 SE 951, 2 AC 165). Hence, the grant of the judgment for the defendants for the reason that plaintiff had not introduced the note in evidence, if such was the case, was without any legal basis, and granting a new trial was proper.

In their answer defendants admitted an indebtedness of $335, principal and interest, on the note. This admission does not appear ever to have been withdrawn. If there were necessity of proof of the note sued on, this admission would suffice as proof of it and of its execution, making a prima facie case for the plaintiff on the pleadings to that extent.

The defendants are bound by their admission of indebtedness to the extent of $335, and since it was not withdrawn they could not offer evidence to contradict it. *Petkas v. Wright Co.,* 87 Ga. App. 189 (2) (73 SE2d 224). No evidence which they may have introduced, therefore, could have precluded the demand of a judgment for the plaintiff to the extent of the admission.

It was not necessary that plaintiff offer the pleadings in

evidence, on the basis of which a judgment in its favor was demanded. *Code* § 38-402; *Smith v. Vestal Lumber & Mfg. Co.,* 202 Ga. 360 (43 SE2d 163).

The note sued on is, as to the principal and interest claimed, an unconditional contract in writing. *McMillan v. Fourth Nat. Bank of Jacksonville,* 18 Ga. App. 445 (2) (89 SE 635); *Kingery v. Yancey Bros. Co.,* 100 Ga. App. 178, 180 (110 SE2d 411).

Consequently, unless some issuable defense was filed under oath or affirmation plaintiff was entitled to judgment for the full amount of principal and interest sought. *Code* § 110-406. The answer here was not sworn to by David Hill, and except as to his denial of the claim for attorney's fees, his answer was subject to a motion to strike. Eula Hill did swear to it, and as to her it was not so subject insofar as it set out an issuable defense, viz., the claim of credits for payments alleged to have been made.

But the further answer or assertion that defendants "are not indebted to plaintiff in this suit and action in any sum whatsoever," is no more than a plea of general issue and set out no defense. *McMillan v. Fourth Nat. Bank of Jacksonville,* 18 Ga. App. 445 (2), supra.

Four of the payments claimed to have been made antedated the note. Insofar as the issue now before us is concerned, it is unnecessary to decide whether this increased the amount of the judgment to which plaintiff was entitled as a matter of law on the basis of the pleadings, but compare *Gaskill v. Brown,* 103 Ga. App. 33 (118 SE2d 113).

Since the plaintiff was, as a matter of law, entitled to a judgment in some amount on the basis of the pleadings alone, and judgment was erroneously entered for the defendants, the grant of a new trial was proper, no consideration of the evidence being necessary to justify its grant, and it is of no consequence that counsel could not agree on a brief of the evidence and the judge could not remember what it had been. On the basis of the pleadings alone a new trial was demanded.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*