## 43761. LAMAS COMPANY, INC. v. BALDWIN.

QUILLIAN, Judge. Frank Baldwin, d/b/a Frank Baldwin Electric Company, filed suit and obtained a judgment against The Lamas Company, Inc. The appellant subsequently filed a motion to set aside the judgment on February 29, 1968. On March 26, 1968, the trial judge overruled the motion. The appellant filed a notice of appeal and enumerated the overruling of the motion as error. The record reveals that on March 8, 1968, the appellee had filed a motion for new trial and a motion for judgment notwithstanding the verdict. There has been no order granting, overruling or otherwise disposing of the motion for new trial and the motion for judgment notwithstanding the verdict. *Held:*

An appeal brought while a motion for new trial and a motion for judgment notwithstanding the verdict are pending in the trial court is premature. *Hayes v. State,* 116 Ga. App. 260, 261 (157 SE2d 30); *Hill v. General Rediscount Corp.,* 116 Ga. App. 459, 461 (157 SE2d 888). See *Fulton v. Chattanooga Pub. Co.,* 98 Ga. App. 473 (105 SE2d 922); *Wood v. Sheppard,* 99 Ga. App. 537 (109 SE2d 69); *State Bank of Leesburg v. Hatcher,* 106 Ga. App. 735 (128 SE2d 339); *Pazol v. Citizens Nat. Bank of Sandy Springs,* 112 Ga. App. 161 (144 SE2d 117); *Kurtz v. State,* 115 Ga. App. 665 (1) (155 SE2d 735).

It should be noted that there was no order of the trial judge stating that the order overruling the motion to set aside the judgment should be subject to direct review while the other motions were still pending. Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701 (a) (2)).

*Appeal dismissed. Bell, P. J., and Hall, J., concur.*

ARGUED JULY 2, 1968—DECIDED SEPTEMBER 10, 1968—
REHEARING DENIED OCTOBER 2, 1968.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellant.

*Peek, Whaley, Blackburn & Haldi, Glenville Haldi, Sid M. Kresses,* for appellee.

### ON MOTION FOR REHEARING.

By motion for rehearing the appellant insists that, since the appellee filed the motions for new trial and for judgment not-

withstanding the verdict, the cases cited in the opinion are not applicable. It is urged that if the present ruling is adhered to then one party could file a motion for new trial or motion for judgment notwithstanding the verdict, allow the motion to remain pending until the time for appeal from the judgment by the opposite party had expired and then dismiss the motion, leaving the opposite party with no judgment from which appeal might be taken.

This would not be true since under the Appellate Practice Act the time for filing a notice of appeal is, in effect, tolled pending such motion. *Code Ann.* § 6-803 (Ga. L. 1965, pp. 18, 21; Ga. L. 1966, pp. 493, 496). When the pending motion was either dismissed or otherwise disposed of, then a party would have 30 days from that time in which to file the notice of appeal.

*Motion denied.*