## 46620.   GOLDEN v. CREDICO, INC.

PANNELL, Judge. The appeal in the present case is from the judgment entered on the verdict. The motion for new trial was properly filed (Section 5 (e) of the Civil Practice Act; *Code Ann.* § 81A-105 (e)) and when tendered to the trial judge for consideration the trial judge wrote a letter to the attorney who presented the motion to him for decision. It is on a letterhead of "The Civil Court of Fulton County, Atlanta, Georgia, 30303, Chambers of Judge E. A. (Ed) Wright," is dated May 17, 1971, and reads: "Mr. William Spearman, Attorney at Law, 400 The Equitable Building, Atlanta, Georgia, 30303, Re: Case No. 339,882, Credico, Inc., vs. Jerry Golden, a/k/a, *Jerome Golden,* Dear Mr. Spearman: The Motion For New Trial which was presented to Judge Thomas L. Camp on May 14th, has been sent to me by the Clerk of the Court. I regret to advise that your Motion according to my way of thinking, is no good as I was at the office on May 14th, and was not out of the jurisdiction of the Court at any time during that day. I am, therefore, returning to you the Motion for New Trial. Yours very truly, s/E. A. Wright, E. A. Wright, Judge, Civil Court of Fulton County, EAW:gd, Encl., cc: Mr. Marvin P. Nodvin, Attorney at Law, 812 Peachtree Center Bldg." A filing entry on the letter showed it was filed in the office of the clerk of the court on June 11, 1971.

We refuse to accept as a proper order of court a letter by a trial judge to counsel returning to him a properly filed motion for new trial, previously sent to the judge by that counsel, stating that the motion was "no good." This letter does not purport to be, nor is it, an order of any kind. It is at the most only proof that the judge to whom it was presented for consideration refused to consider it for an unauthorized reason.

Nor do we consider this refusal to consider the motion (even if considered an *order*) as one "otherwise finally disposing of" the motion for new trial. A motion for new trial can be disposed of in four ways: (1) overruled, (2) granted, (3) dismissed, or (4) withdrawn by movant. The words "otherwise finally disposed of" can mean only a dismissal or a withdrawal of the motion. The motion for new trial here has not been dismissed by any order of the court nor has it been withdrawn by movant; it is therefore still pending and the appeal from the judgment on the verdict is premature. *State Bank of Leesburg v. Hatcher,* 106 Ga. App. 735 (128 SE2d 339); *Kurtz v. State,* 115 Ga. App. 665 (155 SE2d 735); *Hayes v. State,* 116 Ga. App. 260 (157 SE2d 30). Movant's remedy is either to present his motion to the same or another judge of the court for consideration (*Code* § 70-103) or by petition for mandamus in the superior court to compel the trial judge to consider and pass upon the motion for new trial. The appeal is dismissed as premature.

*Appeal dismissed. Bell, C. J., Eberhardt, Quillian and Evans, JJ., concur. Jordan, P. J., Hall, P. J., and Deen, J., dissent. Whitman, J., not participating.*

ARGUED OCTOBER 4, 1971—DECIDED OCTOBER 22, 1971.

*Lewis, Lewis, Spearman & Bynum, Wm. Lewis Spearman,* for appellant.

*Marvin P. Nodvin, Ira S. Zuckerman,* for appellee.

DEEN, Judge, dissenting. This court has many times observed that there is no magic in nomenclature. Here the appellant enumerates error on the action of the trial court in directing a verdict for the defendant; his further enumeration of error on the ground that the trial court erred in failing to grant his motion for new trial is obviously for the sole purpose of extending the

time for appeal under *Code Ann.* § 6-803, which provides that the appeal may be filed within 30 days after "the entry of the order granting, overruling, or otherwise finally disposing of" a motion for new trial. The motion is not in itself a condition precedent to appeal. *Code Ann.* § 6-702.

There is no question here but that a motion for new trial was properly made and filed in the office of the clerk of the Civil court where the case was tried. Thereafter, it was properly forwarded to the judge who had tried the case for the purpose of setting a date on the rule nisi. *Code Ann.* § 81A-107 (b); § 81A-105 (c). No duty rested upon him to approve or disapprove the grounds. *Code Ann.* § 6-801. His subsequent action in physically removing the motion for new trial from court and returning it to the attorney with a statement styled and *filed* in the case that "your motion according to my way of thinking is no good," is in our opinion an action "otherwise disposing of" the only thing that at that time remained pending in the trial court, and it does not matter whether we call such action overruling, dismissing, or refusing to rule upon the motion for new trial. Even under the more stringent provisions of the former appellate practice, the refusal of the trial court to rule has been considered as equivalent to an order overruling the matter in question. See *Lynn v. State,* 140 Ga. 387 (8) (79 SE 29); *Heinz v. Backus,* 34 Ga. App. 203 (2b) (128 SE 915). Here the trial court effectively removed the motion for new trial from further judicial consideration, thus "otherwise disposing" of it. This was either a judicial act, subject to being tested by appeal, or a ministerial act which he had no authority to perform. But this court must presume that public officers, in the performance of judicial acts, do their duty. *Ga. Power Co. v. Fincher,* 48 Ga. App. 524 (1) (168 SE 109); *Wheeler v. Wheeler,* 82 Ga. App. 831 (62 SE2d 579). Since the judge who heard the case did have jurisdiction to dismiss the motion for new trial, and since this was the effect of the action taken by him and was so understood by all parties thereto, this court should concern itself with the merits of the appeal rather than enter a judgment dismissing it which treats the case as still pending in the trial court.

I am authorized to state that Presiding Judge Jordan and Presiding Judge Hall concur in this dissent.