47656. SMITH v. SMITH et al.

STOLZ, Judge. Earl S. Smith brought an action against Charles H. Smith for breach of a warranty of clear title

to an automobile he had purchased from the defendant. The defendant filed a third-party claim against Leon's Auto Parts, Inc., which had sold the untitled automobile to the defendant. After a verdict and judgment for $1,100 for the plaintiff against the defendant and for $550 for the defendant against the third-party defendant were entered, the third-party defendant filed a motion for new trial on the general grounds. While this motion was pending, the defendant filed a notice of appeal in this court from the judgment on the verdict. Appellee Smith (plaintiff) filed a motion to dismiss the appeal on the grounds of the pendency of the motion for new trial and the failure of the appellant to have the record and transcript transmitted to this court within 20 days after the filing of the notice of appeal, as required by Code Ann. § 6-808 (c)  (Ga. L. 1965, pp. 18, 28; as amended, Ga. L. 1968, pp. 1072, 1076). *Held:*

1. The late filing of the transcript of evidence and proceedings is no longer a ground for dismissal of appeals by the appellate courts. Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; as amended, Ga. L. 1968, pp. 1072, 1073, 1074).

2. An appeal from the judgment on the verdict brought while the case is pending on motion for new trial is premature and will be dismissed. Code Ann. § 6-701 (a) (1) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073); Code Ann. § 6-803 (a) (first sentence) (Ga. L. 1965, pp. 18, 21, as amended, Ga. L. 1968, pp. 1072, 1077); Code Ann. §6-809 (b) (2) (Ga. L. 1965, pp. 18, 29; as amended, Ga. L. 1968, pp. 1072, 1073, 1074); *State Bank of Leesburg v. Hatcher,* 106 Ga. App. 735 (128 SE2d 339); *Kurtz v. State,* 115 Ga. App. 665 (1) (155 SE2d 735); *Graves v. State,* 116 Ga. App. 19 (156 SE2d 205); *Hayes v. State,* 116 Ga. App. 260, 261 (157 SE2d 30); *Hill v. General Rediscount Corp.,* 116 Ga. App. 459, 461 (157 SE2d 888); *Olivet v. State,* 117 Ga. App. 860 (162 SE2d 306); *Lamas*

*Co. v. Baldwin,* 118 Ga. App. 437 (164 SE2d 236); *Golden v. Credico,* 124 Ga. App. 700 (185 SE2d 578). Accordingly, the appeal is dismissed as premature.

*Appeal dismissed. Bell, C. J., concurs. Evans, J., concurs specially.*

SUBMITTED NOVEMBER 6, 1972 — DECIDED FEBRUARY 1, 1973.

*James A. Elkins, Jr.,* for appellant.

*Roberts & Kilpatrick, Samuel W. Worthington,* for appellees.

EVANS, Judge, concurring specially. The majority opinion dismisses the appeal because it is an appeal from a judgment and verdict brought while the case is still pending in the court below on motion for new trial, and is thus premature, and cites many controlling authorities. I fully agree. But I do not agree with the First Division of the opinion which holds that "the late filing of the transcript of evidence . . . is no longer a ground for dismissal of appeals by the appellate courts," citing Code Ann. § 6-809 (Ga. L. 1965, pp. 18, 29, as amended; Ga. L. 1968, pp. 1072, 1073, 1074). It is true that in 1968 the General Assembly enacted that such dismissal would be for determination in the lower court, but the cases of *Fahrig v. Garrett,* 224 Ga. 817 (2) (165 SE2d 126) and *Hardy v. D. G. Machinery &c. Co.,* 224 Ga. 818 (165 SE2d 127), were written subsequent to the enactment of the above statute, and both made reference to such statute, but held that the appellate courts still have a responsibility to determine the question of jurisdiction irrespective of the enactment of the aforesaid statute. They are, therefore, authority for the dismissal of the appeal in this case, as well as the premature filing of said appeal.

The above sets forth my position and feeling about the dismissal of appeals, but the Supreme Court of Georgia

and a majority of the Court of Appeals have both in recent times taken a contrary position, by adopting Rule 11 (c) in the Supreme Court and Rule 11 (c) in the Court of Appeals to the effect that the appellee waives any failure of appellant to comply by not objecting and having objection ruled upon in the lower court prior to transmittal of the case to the appellate court. I therefore yield to the combined judgment of my distinguished associates.