## 32381. GUNTER v. NATIONAL CITY BANK.

PER CURIAM.

This appeal is by a caveator to the probate of a will and codicil in Floyd County. The testamentary documents were probated in solemn form on conflicting evidence in the probate court and subsequently upheld through the grant of a summary judgment in the superior court following an appeal to that court by the caveator.

The propounder's motion for summary judgment in superior court was supported by affidavits from two subscribing witnesses. The order setting a hearing date on the motion for summary judgment was served on counsel for the caveator and it provided that oral evidence would be considered at the hearing. Subsequently, counsel for the caveator withdrew from the case and the trial court entered an order continuing the hearing for an additional 10 days. This order was served upon the caveator himself, as well as his original counsel of record and another member of the bar who had requested the continuance on behalf of an Alabama lawyer who took on the caveator's cause. However, this order provided that oral evidence would not be considered at the hearing on the propounder's motion for summary judgment.

Subsequently, on the date reset for the hearing the trial court again continued the hearing to set a new date some 13 days later. The hearing then took place on the date finally fixed and the caveator was represented by Alabama counsel with leave to do so from the trial court.

The caveator offered to present several witnesses in opposition to the propounder's motion for summary judgment but the trial court declined to receive oral evidence at the hearing. In addition, counsel for the caveator offered in evidence an affidavit in opposition to the motion. However, counsel for the propounder objected

to the court's consideration of the affidavit on the grounds that he had not been served with it and that the affidavit, coming on the date of the hearing, was too late. The trial court sustained the objection and refused to consider the affidavit. A summary judgment was then granted to the propounder in favor of the probate of the will and codicil.

We find no error under the circumstances of this case. Caveator's attorney announced ready at the hearing and the matter had already been continued twice for the benefit of the caveator. See *Charles v. Segars,* 127 Ga. App. 333 (2) (193 SE2d 564) (1972). In addition, we find no error in the trial court's refusal to consider oral evidence at the hearing on the motion for summary judgment. See Code Ann. § 81A-156 (c). The law creates no obligation on the court to permit the use of oral evidence at this kind of hearing. See *Price v. Star Service &c. Corp.,* 119 Ga. App. 171, 172 (3) (166 SE2d 593) (1969). The law also provides for affidavits in opposition to a motion for summary judgment to be served on the movant prior to the day of the hearing. As this was not done in the present case, it was within the trial court's discretion to decline to consider the caveator's affidavit. See *Malone v. Ottinger,* 118 Ga. App. 778, 779 (3) (165 SE2d 660) (1968).

The caveator also complains of a lack of notice that the proceedings in the trial court were not being recorded. Code Ann. § 6-805 (c) provides that in all cases tried in superior court the trial judge *may* have the proceedings and evidence reported. As the provisions of this Code section are merely discretionary and not mandatory, the trial judge is not obligated to have the case reported. See *Savage v. Savage,* 234 Ga. 853 (218 SE2d 568) (1975); *Liberty Loan &c. Corp. v. Meeks,* 115 Ga. App. 846 (1) (156 SE2d 172) (1967). Nor is the trial judge obligated to inform the parties of their right to have the case reported under Code Ann. § 6-805 (j) at their own expense. See *Liberty Loan,* supra. We have examined the other enumerations of error and find them to be without merit. As the judgment of the trial court is correct, it must be affirmed.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Undercofler, P. J., and Bowles, J., who dissent.*

ARGUED JUNE 14, 1977 — DECIDED SEPTEMBER 7, 1977.

*Stewart & Colvin, Daniel E. Morris,* for appellant.
*Walther, Walther & Morgan, Robert G. Walther,* for appellee.