37424. LIBERTY NATIONAL LIFE INSURANCE COMPANY v. HOUK.

PER CURIAM.

The plaintiff, Johnny P. Houk, brought suit against the defendant, Liberty National Life Insurance Company, because of the insurance company's refusal to pay hospitalization expenses incurred by the plaintiff's wife.

The plaintiff argues that the defendant is liable for these expenses under a family medical expense insurance policy issued by the defendant to the plaintiff. It is the defendant's position that it is not liable for these expenses for the following reasons: These expenses were incurred for conditions that were contracted by the plaintiff's wife before the insurance policy came in force; the insurance policy excludes coverage for such preexisting conditions; and it was incorrectly stated in the insurance policy application that the insured's wife had not been treated for any of these conditions.

The defendant moved for summary judgment, with supporting affidavits. The plaintiff submitted an affidavit in opposition to the defendant's motion for summary judgment, but this affidavit was not served on the defendant until the day of the summary judgment hearing. In this affidavit, the plaintiff states that he gave correct answers to the agent for the insurance company concerning the ailments suffered by his wife. The plaintiff further states in the

affidavit that the insurance agent marked the answers to these questions incorrectly, but that this was not noticed by the plaintiff when he signed the application.

The superior court denied the defendant's motion for summary judgment. On appeal, the Court of Appeals affirmed. We granted the defendant's application for certiorari. We affirm.

1. The defendant complains that, contrary to the requirements of Code Ann. §§ 81A-106 (d) and 81A-156 (c), it was not served with the plaintiff's affidavit in opposition to its motion for summary judgment until the day of the summary judgment hearing.

As held by the Court of Appeals in Division 1 of its opinion, even though §§ 81A-106 (d) and 81A-156 (c) require an opposing affidavit to be served at least one day prior to the summary judgment hearing, the trial court is vested with a discretion to consider affidavits not so served.

There was a requirement established in *Malone v. Ottinger,* 118 Ga. App. 778 (3) (165 SE2d 660) (1968), that an untimely affidavit cannot be considered unless it is accompanied by some writing in the record showing that the trial court exercised its discretion in considering the affidavit. However, as noted by the Court of Appeals in this case, this language in *Malone* was subsequently disapproved in *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178) (1970). *Gunter v. Nat. City Bank,* 239 Ga. 496 (238 SE2d 48) (1977) and *T & W Farm Supply v. McCall,* 132 Ga. App. 613 (208 SE2d 622) (1974) do cite *Malone* as authority for the proposition that the consideration of an untimely affidavit is within the trial court's discretion; but, the language in *Malone* requiring a writing in the record to evidence this exercise of discretion stands disapproved.

2. As held in *Stillson v. Prudential Ins. Co.,* 202 Ga. 79 (42 SE2d 121) (1947), in an action on a contract of insurance, the insurance company is considered estopped to deny liability on the insurance contract, where the insured has given correct answers to questions in the insurance policy application posed by the insurance agent and the insurance agent, either through fraud or negligence, has filled in the answer incorrectly. Accordingly, we agree with the Court of Appeals that the superior court did not err in denying the insurance company's motion for summary judgment.

We do find ourselves in disagreement with the statement in Division 2 of the Court of Appeals' opinion that the insurance application contains no limitation on the agent's authority to waive a false answer written thereon. The application does contain the statement that, "No agent of the company has authority to waive the answer to any question herein, to waive a condition of any policy issued as a result of this application or to waive any of the company's

rights or requirements, to modify this application or to bind the company by making any promise or representation or by giving or receiving any information." However, such a limitation on the insurance agent's authority becomes relevant only in cases such as *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618 (174 SE2d 570) (1970), where the insured seeks to rely on oral representations made by the insurance agent to the effect that the agent does have such authority.

*Judgment affirmed. Jordan, C. J., Hill, P. J., Clarke, Smith and Gregory, JJ., concur. Marshall, J., dissents.*

DECIDED SEPTEMBER 9, 1981.

*O. Wayne Ellerbee,* for appellant.
*Edward Parrish,* for appellee.

MARSHALL, Justice, dissenting.

In my opinion, a careful reading of *Stillson* and its progeny requires a holding that the superior court erred in denying the insurer's motion for summary judgment here.

*Stillson* does hold that the insurer is generally considered estopped to assert the falsity of answers to questions contained in an insurance policy application, where the applicant for insurance answered the questions correctly and the insurance agent inserted false answers either through fraud or negligence. However, *Stillson* itself recognizes that an estoppel does not arise against the insurer when the insured is chargeable with fraud, collusion, actual knowledge of the contents of the application, or constructive knowledge. 202 Ga. at p. 83.

Thus, in *Stillson* a jury would have been authorized to find that fraud practiced by the insurance agent prevented the insured from reading the answers to the questions contained in the application. In such cases as *Tallent v. Safeco Ins. Co.,* 99 Ga. App. 11 (107 SE2d 331) (1959) and *Barber v. All American Assur. Co.,* 89 Ga. App. 270 (79 SE2d 48) (1953), a jury would have been authorized in finding that negligence chargeable to the insurance agent prevented the insured from reading the contents of the application.

Where, as here, the insured has read and signed the application after the false answers have been inserted, the insured is chargeable with constructive knowledge thereof. And even if there has been any negligence on the part of the insurance agent, the insured is guilty of contributory negligence. Under these circumstances, the insurance company should not be estopped.

I think that the holdings of this court in *Stillson* represent a

careful balance between the competing interests of insureds and insurance companies. This balance is upset where an insured who has read and signed the insurance application is allowed to use the estoppel doctrine as a means of preventing the insurance company from asserting misrepresentation as a defense. This allows an insured to create insurance coverage, even for risks that otherwise might be virtually uninsurable, simply by asserting that he gave the correct answers to the insurance agent and the insurance agent marked the application incorrectly. The insured may not win every case, but he gets to the jury every time. I, therefore, respectfully dissent.