## 40206. DAVIS v. BROWNING et al.
## 40221. STATE FARM FIRE & CASUALTY COMPANY v. BROWNING et al.

PER CURIAM.

Upon consideration, we conclude that, for legal purposes, this case and *Liberty Nat. Life Ins. Co. v. Houk,* 248 Ga. 111 (2) (281 SE2d 583) (1981), are factually indistinguishable. Therefore, we hold that the Court of Appeals was correct in reversing the trial court's grant of the insurance agent's and company's motions for summary judgment under the authority of *Liberty Nat.,* supra.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., who concurs specially, and Weltner, J., who dissents.*

DECIDED JANUARY 18, 1984.

*Sims & Fleming, John S. Sims, Jr.,* for appellant (case no. 40206).

*Divine, Wilkin, Deriso, Raulerson & Fields, Richard W. Fields,* for appellant (case no. 40221).

*Walter F. Newsome,* for appellees.

MARSHALL, Presiding Justice, concurring specially.

I agree that this case is controlled by *Liberty Nat.,* and since *Liberty Nat.* is now binding precedent, I join Judge Sognier of the Court of Appeals in reluctantly concurring in the reversal of the defendants' motions for summary judgment. Not surprisingly, I also agree with Judge Sognier that my dissent in *Liberty Nat.* sets forth the better rule.

In my opinion, an insurance policyholder should not be allowed to contradict the written answers to questions appearing on the policy application, where the full contents of the completed application have been read and signed by him. Under earlier case law on the subject, i.e., *Stillson v. Prudential Ins. Co.,* 202 Ga. 79 (42 SE2d 121) (1947), the policyholder would be prohibited from doing this by reason of operation of the constructive-knowledge rule.

Here, the policyholder applied for a homeowner's insurance policy, and on the insurance policy application it is stated that there were no prior fire losses within the last three years. However, when a fire-loss claim was made under the policy within three weeks after a binder was issued, an insurance investigation revealed at least two prior fire-loss claims. Although it is undisputed that the policyholder read the completed policy application and pointed out an erroneous

answer to another question, he now testifies that he was not asked any question concerning prior fire losses. In this manner, he is allowed to create a jury issue on the question of whether the insurance company properly denied the present claim because of misrepresentations in the policy application.

As previously stated, under *Stillson* the policyholder would not be allowed to do this because he clearly is chargeable with constructive knowledge of the contents of the policy application. As I stated in my *Liberty Nat.* dissent, "the holdings of this court in *Stillson* represent a careful balance between the competing interests of insureds and insurance companies. This balance is upset where an insured who has read and signed the insurance application is allowed to use the estoppel doctrine as a means of preventing the insurance company from asserting misrepresentation as a defense. This allows an insured to create insurance coverage, even for risks that otherwise might be virtually uninsurable, simply by asserting that he gave the correct answers to the insurance agent and the insurance agent marked the application incorrectly. The insured may not win every case, but he gets to the jury every time." 248 Ga., supra at p. 113.

WELTNER, Justice, dissenting.

I dissent for the reasons expressed in Presiding Justice Marshall's special concurrence.