## A91A0817. MILLS et al. v. LLOYDS, LONDON.
(411 SE2d 713)

COOPER, Judge.

Appellant, Izeal Mills, (hereafter "Mills") applied for a homeowner's insurance policy through The Sorrells Agency, an independent insurance agency. Because Mills cannot read or write, a secretary at The Sorrells Agency assisted him with the application by asking him the questions on the application and writing down responses. The Sorrells Agency sent the completed application to the managing general agent for appellee who issued a Lloyd's, London homeowner's policy on a house owned by Mills and his wife. The application indicated that the house was not vacant and was owner occupied. When the house was destroyed by fire, it was in fact vacant and neither

Mills nor his wife had ever lived in the house. Consequently, appellee refused to pay Mills' claim and Mills and his wife filed this action. Appellee moved for summary judgment on the basis of the affidavits and depositions submitted by the parties, and the trial court granted appellee's motion. In their sole enumeration of error, appellants contend that the trial court erred in granting summary judgment to appellee because there is a genuine issue of material fact as to whether misrepresentations in the insurance application are attributable to the fault of Mills or appellee. We agree with Mills and reverse.

Appellee submitted the affidavit of the owner of The Sorrells Agency who stated that he understood that Mills was living in the house and that he would not have attempted to insure the property with the agent of appellee had he known it was vacant. The secretary who assisted Mills submitted her affidavit and stated therein that she asked Mills each question on the application and wrote down each response; that Mills was specifically asked whether the house was vacant and whether he was living in the house; that Mills answered "no" to the first question and "yes" to the second question; that she was unaware that Mills was misrepresenting the facts concerning the occupancy of the house; and that Mills understood the questions asked and represented to her that the responses were true and correct to the best of his knowledge. Mills submitted an affidavit in which he stated that the secretary asked him questions and filled out the application; that she asked him if he was living in the house and he told her that he was "fixin'" to move in to the house and that he was going to do some work on the floors in the house before he moved in; that she gave him the application to sign; that because he cannot read or write he trusted that the secretary put down the correct information and he could not verify the accuracy of the information; and that at no time did he ever tell the secretary, the owner of The Sorrells Agency or anyone else connected with appellee that he was actually living in the house.

The case of *Liberty Nat. Life Ins. Co. v. Houk*, 248 Ga. 111 (281 SE2d 583) (1981) is indistinguishable from the present case. In *Houk*, the insurance company denied a claim because the application contained incorrect information about the insured's wife. The insured contended that he in fact gave correct answers to the insurance agent who in turn marked the answers incorrectly on the application but that this was not noticed by the insured. The *Houk* court stated: "As held in *Stillson v. Prudential Ins. Co.*, 202 Ga. 79 (42 SE2d 121) (1947), in an action on a contract of insurance, the insurance company is considered estopped to deny liability on the insurance contract, where the insured has given correct answers to questions in the insurance policy application posed by the insurance agent and the insurance agent, either through fraud or negligence, has filled in the

answer incorrectly. Accordingly, we agree with the Court of Appeals that the superior court did not err in denying the insurance company's motion for summary judgment." *Houk,* supra at 112. This court has continued to deny summary adjudication in situations similar to the instant case. See *O'Kelley v. Southland Life Ins. Co.,* 167 Ga. App. 455 (305 SE2d 873) (1983); *Browning v. Davis,* 167 Ga. App. 393 (306 SE2d 40) (1983), affirmed *Davis v. Browning,* 252 Ga. 10 (311 SE2d 168) (1984). Accordingly, we reverse the order of the trial court granting summary judgment to appellee.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED OCTOBER 30, 1991 —

*Scott & Quarterman, Howard T. Scott, Bradley S. Wolff, Donald T. Wells, Jr.,* for appellants.

*Crim & Bassler, Harry W. Bassler, Nikolai Makarenko, Jr.,* for appellee.