[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10979
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 9, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00502-CV-BBM-1

GWENDOLYN MORGAN,

Plaintiff-Appellant,

versus

PACIFIC SPECIALITY INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 9, 2008)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

The Plaintiff Gwendolyn Morgan's house burned down. She sought insurance proceeds from Pacific Speciality Insurance Company ("PSIC"), which had issued her an insurance policy insuring her home against fire and other perils. PSIC denied

liability and rescinded the policy on the ground that Morgan's insurance application contained a misrepresentation. Morgan sued PSIC. The district court granted summary judgment for PSIC on the ground that PSIC was entitled to rescind the contract because of the misrepresentation on the application. Additionally, the district court held that PSIC was not estopped to deny liability because Morgan signed the application containing the misrepresentation. Morgan appeals. We conclude that there is evidence in the record from which a jury could find that PSIC is estopped to deny liability on the insurance contract, and accordingly we reverse the district court's grant of summary judgment.

Although Morgan's brief is styled as presenting three separate issues on appeal, only one issue is properly before us. Morgan waived the issue of whether her expert's testimony was properly excluded by failing to present any argument on the issue in her appellate brief. Morgan presents only one argument in the remainder of her brief, though styling it as two separate issues. Accordingly, the only issue on appeal is whether evidence in the record that it was PSIC's agent who wrote the misrepresentation on the application after having been told by Morgan that she did not know the answer to the question is sufficient to support a finding that PSIC is estopped to deny liability based on the misrepresentation.

Morgan argues that summary judgment is inappropriate because the record contains sufficient evidence to support a finding that PSIC is estopped to deny coverage based on the misrepresentation at issue since it was PSIC's insurance agent who inserted the misrepresentation. Specifically, Morgan states that PSIC's agent filled out the insurance application after having asked her the questions over the telephone. (R. 2-62 at 27.) When PSIC's agent asked Morgan Question 17 on the application, "Does the dwelling have copper wiring and circuit breakers?" she told the agent that she could not answer the question. (*Id.* at 55-56.) PSIC's agent responded "Don't worry about it, I can handle it, I will take care of it." (*Id.* at 56.) When Morgan signed the application, she had relied on PSIC's agent to take the answer down correctly and did not go over the application with PSIC's agent. (*Id.* at 58, 60-61.) Morgan argues that summary judgment is inappropriate because these facts provide the evidentiary support needed to find that PSIC is estopped to deny coverage based on the misrepresentation in the answer to Question 17.

Under Georgia law, an insurance company "is considered estopped to deny liability on the insurance contract, where the insured has given correct answers to questions in the insurance policy application posed by the insurance agent and the insurance agent, either through fraud or negligence, has filled in the answer incorrectly." *Liberty Nat'l Life Ins. Co. v. Houk*, 281 S.E.2d 583, 585 (Ga. 1981).

3

*See Patriot General Ins. Co. v. Millis*, 506 S.E.2d 145, 147-148 (Ga. Ct. App. 1998) ("If either party must suffer from an insurance agent's mistake, it must be the insurance company, [her] principal." *quoting Stillson v. Prudential Ins. Co.*, 42 S.E.2d 121, 124 (Ga. 1947)). Estoppel applies even if the insured, after having given correct answers to the insurance agent, signs an application containing false answers inserted by the insurance agent. *Houk*, 281 S.E.2d at 584.

This statement of the law differs slightly from that used by the district court in its order entering summary judgment for PSIC. The district court relied on *Bourne v. Balboa Ins. Co.*, 240 S.E.2d 261 (Ga. Ct. App. 1977), for the proposition that estoppel is only available when an insured signs an application with a misrepresentation if the insured was prevented through fraud or artifice from reading the document. But the Supreme Court of Georgia decided in *Houk* that estoppel is available even if an insured merely fails to notice the misrepresentation negligently inserted by an insurance agent into an application the insured signs. Georgia courts have noted the variance between the rule in *Houk* and the rule in *Bourne* and hold that *Houk* provides the correct statement of the law on this issue. *Davis v. Browning*, 311 S.E.2d 168, 168 (Ga. 1984) (Marshall, J., concurring specially).

PSIC argues that there is no evidence to support a finding of estoppel for two reasons. First, PSIC argues that an agent must knowingly enter a false answer in

order for estoppel to apply. Since Morgan stated that she did not know the answer to Question 17 and told PSIC's agent as much, PSIC contends that there is no evidence that its agent knew the "yes" answer he filled in to Question 17 was false. The Supreme Court of Georgia stated in *Houk*, however, that an agent's entry of a false answer through *negligence* is enough to estop the insurance company to deny liability on the basis of the false answer. 281 S.E.2d at 585. Viewing the evidence in the light most favorable to Morgan, we hold that there is a material question of fact as to whether Morgan answered Question 17 correctly and PSIC's agent, either intentionally or negligently, filled in a false answer.

Second, PSIC argues that because it did not prevent Morgan from reading the policy before signing it, estoppel is not applicable here. However, as noted above, this is an incorrect understanding of Georgia law.

Because there is a question of fact as to whether Morgan answered Question 17 correctly and PSIC's agent then, either intentionally or negligently, filled in a false answer, and because such a finding would support a conclusion that PSIC is estopped to deny coverage based on the misrepresentation in Question 17, PSIC is not entitled to summary judgment.

For the reasons stated above, we reverse the grant of summary judgment in favor of PSIC and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

5