34736.   BARBER *v.* ALL AMERICAN ASSURANCE CO.

DECIDED OCTOBER 1, 1953—REHEARING DENIED DECEMBER 2, 1953.

274

*Julian Webb, P. Z. Geer, Jr.,* for plaintiff in error.
*E. P. Stapleton, Custer & Kirbo,* contra.

FELTON, J. The sole question for determination here is whether the evidence demanded a finding that the deceased insured made false answers to questions contained in the applications for insurance which materially affected the risk and would prevent recovery on the policies by the plaintiff, beneficiary under the policies. The evidence did not demand such a finding. A jury would have been authorized to find from the evidence that the defendant's agent did not propound the questions to which the alleged false answers were given. This case differs from *Stillson* v. *Prudential Ins. Co.*, 202 *Ga.* 79 (42 S. E. 2d 121), only in the respect that in that case the agent asked the questions concerning the applicant's health contained in the application, received truthful answers thereto, but put false answers on the application, whereas in the present case it is contended that no questions, except as to age, birth date, height, weight, and beneficiary, were asked by the agent, and that the agent answered any questions other than those enumerated above on his own accord and without the knowledge of the insured or his beneficiary. But regardless of this difference, the principle announced in the *Stillson* case applies here, i. e., "In an action on a contract of insurance, the insurance company is generally considered estopped to deny liability on any matter arising out of the fraud, misconduct, or negligence of an agent of the company. If either party must suffer from an insurance agent's mistake, it must be the insurance company, his principal." 29 Am. Jur. 634, § 833.

The company contends that, as the policies were delivered to the plaintiff, beneficiary thereunder, she had constructive knowledge that the questions concerning the insured's health and the answers thereto were contained in the application attached to the deceased's policy, and contends that the plaintiff is prohibited from recovery by Code (Ann) § 56-908. These contentions are without merit. The same situation exists here that existed in the *Stillson* case in regard to that matter, as is shown by the following excerpt from that case (at p. 80): "It was further shown that the policy was delivered by the agent to the wife of the insured [who was beneficiary thereunder]; that she put the policy away with other policies of the family, and that the insured never saw the policy."

As we understand the ruling in the *Stillson* case, the Supreme Court attached no significance to the fact that the evidence showed that the applicant was fraudulently prevented from reading the application before signing and the case was decided without reference to that fact. The question of the insured or beneficiary having had constructive notice of what the application contained was not discussed in the *Stillson* case. We think that, if the insured and beneficiary are not bound originally by the contract between the parties limiting the authority of the agent where false answers are inserted by the agent and the reading of the application is thus excused, there is no duty on the insured or beneficiary to examine the application after the policy is issued. We think that the insurance company would have to show actual knowledge of the false answers after delivery of the policy in order to show such fraud as would avoid the contract. While the Supreme Court in the *Stillson* case did not mention this point, it seems to us that it would be unreasonable to say that the insured or beneficiary were excused in the first instance from reading the application, and then to charge them with the duty of reading the application after the policy was delivered. We think that the ruling in the *Stillson* case is controlling in principle on the issues in this case. It should also be noted that there was no limitation on the authority of the agent in the applications in this case, which fact makes this case much stronger for the beneficiary than was the *Stillson* case.

The jury would have been authorized to find from the evidence that questions concerning the insured's health were not propounded to him, and that the agent on his own accord inserted the answers to the health questions without the knowledge of the insured or the plaintiff.

Since the defendant's agent used the first application as a basis to fill out the second application after the plaintiff had signed it for her husband, what has been held concerning the first application equally applies to the second application.

The court erred in directing a verdict for the defendant and in denying the motion for new trial. *Stillson* v. *Prudential Ins. Co.,* supra; *National Life &c. Ins. Co.* v. *Sneed,* 40 *Ga. App.* 131 (2, 3) (149 S. E. 68).

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*