37453. TALLENT *et al. v.* SAFECO INSURANCE COMPANY OF AMERICA.

DECIDED JANUARY 28, 1959.

*Frank Grizzard, Frank A. Bowers*, for plaintiffs in error.
*A. Walton Nall*, contra.

FELTON, Chief Judge. The defendant contends that the plain-

tiff falsely answered certain questions in the application for insurance and that such false answers amounted to material misrepresentations and that, therefore, they were not liable under the terms of the binder and policy. One particular question relied on by the defendant was that of whether the plaintiff had ever been refused any insurance or had insurance coverage canceled. It contends that the plaintiff answered this question in the negative knowing full well that the answer was false.

The defendant's agent testified that she propounded all the questions contained in the application to the plaintiff and that as he answered each question she filled out an application in pencil; that in order to have a neater application she had the plaintiff sign a blank application and then she typed in the information and answers contained in the pencil-written application; that the typewritten application was identical as to the information contained in the pencil-written application.

The plaintiff testified that when he applied for the binder and insurance the only question propounded to him by the agent was whether or not any person or persons under the age of twenty-five would drive the automobile to be covered. He further testified that being in a hurry he signed a blank application and that the agent had completed the application. The plaintiff testified that he later went by the agent's office and picked up a copy of the typewritten application and took it to the bank where he had financed the automobile.

If the jury had believed the plaintiff's version in preference to the defendant's evidence they would have been authorized to find in favor of the plaintiff. Therefore, the court erred in directing a verdict since such a jury question was made by the evidence. The fact that the plaintiff later had in his possession a copy of the typewritten application does not charge him with the knowledge of all that was contained therein. According to the plaintiff's evidence the agent answered all the questions in the application except the one relating to the age of the drivers. If this be true then the agent in so doing was acting on behalf of the insurance company and not the plaintiff and we think that such action amounted to negligence or fraud on the agent's part attributable to the insurance company. See *Stillson* v. *Pru-*

*dential Ins. Co.*, 202 *Ga.* 79 (42 S. E. 2d 121). No duty was on the plaintiff to examine the copy of the application he took to the bank because he had the right to rely upon the agent's filling out the application only in accordance with the information elicited by the agent. The holding in *National Accident &c. Ins. Co.* v. *Davis*, 179 *Ga.* 595 (176 S. E. 387), relied on by the defendant in error, was in effect disapproved by the Supreme Court in the *Stillman* case.

The court erred in directing a verdict for the defendant and in denying the plaintiff's motion for new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*