43646, 43660. McCRACKIN v. HAYES; and vice versa.

ARGUED MAY 7, 1968—DECIDED JUNE 11, 1968—REHEARING DENIED JULY 19 AND JULY 31, 1968—

Roy J. Leite, Jr., Beryl H. Weiner, for appellant.

J. Ralph McClelland, Jr., for appellee.

HALL, Judge. The plaintiff appeals from a judgment for the defendant in an action on a promissory note. The defendant filed a cross appeal.

1. The petition alleged that the defendant executed the note attached to the petition "to Richard P. Baker, d/b/a Baker Construction Company," and that Richard P. Baker, for a valuable consideration, transferred and assigned the note to the plaintiff. The note and assignment (by a separate writing) attached to the petition show that the payee on the note is "Baker Construction Co.," and the assignment is executed by "Richard P. Baker." The defendant's answer specifically denied the above stated allegations, alleged that the defendant was not indebted to the plaintiff, and alleged other facts in defense. The plaintiff filed a demurrer to the answer on the grounds that it set forth no facts constituting a defense and was a mere general denial. The answer was sufficient to make an issue on the plaintiff's right to recover on the note, particularly in view of the inconsistency between the allegations of the petition and the attached note.

The trial court did not err in overruling the plaintiff's general demurrers to the answer, and rulings on other demurrers, in view of the decision reached in Division 2, could not have harmed the plaintiff.

2. The evidence shows that the note was made payable to Baker Construction Company. The assignment of the note to the plaintiff, by a separate instrument, was executed by Richard P. Baker. The payor testified that when he made the note payable to Baker Construction Company he knew that the payee was a corporation.

The transcript of the trial shows the following discussion between the court and the plaintiff's counsel:

"The Court: 'It [the note] was given for the specific purpose of securing a $10,150 note, and this note, and this transfer, and this assignment was made by Richard Baker. Is that true?' Mr. Leite: 'That's true.' The Court: 'The note in question was given to a corporation.' Mr. Leite: 'That is correct, sir.' The Court: 'Then how did Richard Baker convey the note in question individually when the note was made to a corporation?' Mr. Leite: 'Your Honor, I think this is thoroughly covered by Code. . .' "

Counsel's statement was a judicial admission that the note was given to a corporation. "An admission in judicio eliminates from the case any issues contrary to that admitted . . . is an estoppel everywhere and forever." *State Farm &c. Ins. Co. v. Anderson,* 107 Ga. App. 348, 353 (130 SE2d 144); Greene, The Georgia Law of Evidence 523, § 238.

In order to recover as assignee it was necessary that the plaintiff show that Baker as an individual was the payee or owner of the note or had a right to transfer it. See Kock, Georgia Commercial Practice 253, § 11-3. This might have been proved by evidence either that Baker Construction Company was a trade name identifying Richard P. Baker (see *Code Ann.* § 109A-3—203), or that Baker was authorized to transfer the note on behalf of Baker Construction Company (see *Code Ann.* § 109A-3—403), or that the note had been transferred to Baker by Baker Construction Company (see *Code Ann.* § 109A-3—201 (1)).

The plaintiff in his brief concedes that if Baker had no right

to transfer the note, the plaintiff could not recover from the defendant. The plaintiff contends that the defendant's plea in bar filed in the action was an admission that Baker had such right, in that it alleged that the defendant delivered the note sued upon to Baker and Baker delivered his individual note for the same amount to the defendant in furtherance of an agreement that the parties would swap notes for a special purpose and that neither would transfer or deliver the notes to anyone else, and this agreement was the only consideration for the notes. These allegations do not constitute an admission that Baker had the right to transfer. This and the other evidence fails to show that the note was payable to Baker in a name other than his own, so that he could transfer it in his own name under the Uniform Commercial Code, Ga. L. 1962, pp. 156, 249 (*Code Ann.* § 109A-3—203).

The plaintiff contends that the trial court erred in excluding from evidence an affidavit given by Baker in the transaction in which the plaintiff acquired the note. In the affidavit Baker stated that he was the payee and holder of the note and had a right to transfer it. Irrespective of questions as to the admissibility of this evidence, since the affidavit did not prove any of the facts necessary to support the conclusion it states, its exclusion could not have been harmful to the plaintiff on the issue of Baker's right to transfer the note.

From the face of the note itself the presumption arises that the payee is a corporation. See *Hunnicutt v. Reed,* 149 Ga. 803 (102 SE 421). The plaintiff's admission in judicio, the testimony of the defendant, the evidence that Baker had an interest in the corporate construction company; that Baker and the defendant exchanged notes for the sole purpose of showing the defendant's note as an asset on financial statements to be used in obtaining a performance bond for Baker Construction Company on a construction contract, Baker instructing the defendant to make his note payable to Baker Construction Company and the defendant demanding that the note to him be made by Baker individually rather than by Baker Construction Company, all show that any chose of action or property right in the note was in the payee corporation. Baker's possession of the note under the circumstances at the time of the purported transfer and the other

evidence does not contradict this. Therefore, the evidence demanded a finding that the note was the property of the corporation.

The evidence being insufficient to show the essential fact that Baker had any right to transfer the note to the plaintiff, we do not reach other issues raised by the plaintiff. The trial court did not err in directing the verdict for the defendant, or in denying the plaintiff's motions for directed verdict and for judgment notwithstanding the verdict or for a new trial on the general grounds; and it is not necessary to decide the other grounds respecting the trial argued by the plaintiff.

*Judgment affirmed. Cross appeal not considered. Bell, P. J., and Quillian, J., concur.*

### On Motion for Rehearing.

Hall, Judge. On the motion for rehearing the plaintiff attacks the holding that the assignee cannot recover without proof that the assignor had the right to transfer the note, citing Part 3, Article 9, of the Uniform Commercial Code (Ga. L. 1962, pp. 156, 401; *Code Ann.* § 109A-9—305): "A security interest in . . . instruments . . . may be perfected by the secured party's taking possession of the collateral."

This part and section of the statute deals with *perfection* of security interests so as to protect and give priority to secured creditors over claims of third parties in personal property taken as security; they do not govern the creation of property rights or security interests. See Kock, Georgia Commercial Practice 200, § 9-1. Part 2, Article 9 of the Code (Ga. L. 1962, p. 390) deals with the Validity of Security Agreement and Rights of Parties Thereto. Section 109A-9—204 provides: "A security interest cannot attach until there is agreement . . . that it attach and value is given *and the debtor has rights in the collateral.* It attaches as soon as all of the events in the preceding sentence have taken place. . ." (Emphasis supplied.)

The statutory provision upon which the plaintiff relies does not nullify the rule that the "transfer of an instrument vests in the transferee such rights as the transferor has therein." Ga. L. 1962, pp. 156, 248 (*Code Ann.* § 109A-3—201). It (*Code Ann.* § 109A-9—305) does not supply the essential element of a prop-

erty right in the transferor or authority to transfer the note to the plaintiff in this case, the note on its face showing no right in the transferor.

*Motion for rehearing denied. Bell, P. J., and Quillian, J., concur.*