## 44467. AMERICAN LIBERTY INSURANCE COMPANY v. SANDERS.

EBERHARDT, Judge. After obtaining judgment against an uninsured motorist appellee instituted suit against American Liberty Insurance Company, with which he carried a public liability and property damage policy, alleging in one count that he was entitled to recover on the uninsured motorist coverage in his policy and in another that he had been damaged by reason of the company's failure to include it as a part of the policy coverage to protect him against loss occasioned by an uninsured motorist. The company answered, asserting that in the application for the policy plaintiff had specifically rejected the uninsured motorist coverage. In a trial before the judge without a jury judgment was awarded the plaintiff, from which defendant insurance company appeals.

The application for the policy sued on is included in the record, having been introduced as a part of the evidence. In it, above the applicant's signature and under the portion dealing with the coverages to be included appears: "Family protection (uninsured motorist), Rejected." The application consisted of numbered questions, one through fifteen, on the front and reverse side of a single sheet of paper. The matter of what coverage was to be included and what was rejected was covered in the answers to question number 3. The only place for signing was following the last question on the

reverse side, indicating "Must be signed by applicant," and above which appeared the statement, "I hereby declare to the best of my knowledge and belief that all of the foregoing statements are true and that these statements are offered as an inducement to the company to issue the policy for which I am applying." The broker to whom the application was made testified that he explained the uninsured motorist coverage to Mr. Sanders when taking his application and that he then specifically rejected it, though it is conceded that Sanders would, if permitted, deny that he was asked about it. The court ruled that he could not so testify because it would be an attempt to vary terms of the application, and that ruling is unexcepted to. There is no cross appeal. *Held:*

1. The record is brief and is well indexed; consequently, while there should have been compliance with our rule requiring reference to the record pagination in the brief of appellant, failure to do so will not preclude our consideration of the enumerated errors when the inconvenience occasioned is insubstantial. *Rainey v. Housing Authority of the City of Atlanta,* 114 Ga. App. 333 (151 SE2d 534); *Cohen v. Garland,* 119 Ga. App. 333, 334 (1b) (167 SE2d 599).

2. Uninsured motorist coverage was not included in the policy when issued and no premium charge therefor was made. The policy was issued October 24, 1966, and delivered to the insured. The rejection of uninsured motorist coverage in a written application for a public liability insurance policy is sufficient to comply with the provision of *Code Ann.* § 56-407.1 providing that this coverage "shall not be applicable where any insured named in the policy shall reject the coverage in writing."

"One who signs an application for insurance in a completed state (in absence of fraud upon the part of the insurance agent) is bound by the answers to the questions appearing on it." *State Farm Mut. Auto. Ins. Co. v. Anderson,* 107 Ga. App. 348 (1) (130 SE2d 144). And see *Saddler v. Cotton States Life &c. Ins. Co.,* 101 Ga. App. 866, 870 (115 SE2d 398).

Appellee's contention that, in order to eliminate uninsured motorist coverage from the policy, though rejected in the application, a separate instrument of rejection was required, is without merit. Having made the rejection in the written application, upon the basis of which the policy was issued

without the coverage, a further rejection, either before or after issuance of the policy would have been a useless thing, which neither the statute nor any decision construing it requires. *Ray v. Cobb County Bd. of Educ.*, 110 Ga. App. 258, 264 (138 SE2d 392).

Having had possession of the policy for more than three months before the accident in which the insured's wife was injured, the insured had full opportunity to examine it and see that, pursuant to the rejection of it in his application, uninsured motorist coverage was not included. The holder of an insurance policy is chargeable with knowledge of its conditions, even when he does not have actual possession of it. *Hart v. Waldo*, 117 Ga. 590, 591 (43 SE 998). If he does not, it is his own fault. *Security Life Ins. &c. Co. v. Gober*, 50 Ga. 404 (2). Accord: *Massey v. Cotton States Life Ins. Co.*, 70 Ga. 794; *Thomson v. Southern Mut. Ins. Co.*, 90 Ga. 78 (15 SE 652); *Wells v. Hartford Fire Ins. Co.*, 36 Ga. App. 789, 793 (138 SE 276); *Equitable Life Assur. Society v. Adams*, 56 Ga. App. 5 (192 SE 90); *Mutual Benefit Health &c. Assn. v. Hulme*, 57 Ga. App. 876 (197 SE 85); *Prudential Ins. Co. v. Sailors*, 69 Ga. App. 628, 634 (26 SE2d 557).

In Count 1 plaintiff declares upon the contract and, being dependent upon its terms for his recovery, cannot have judgment upon some obligation not included in it. Cf. *Ericson v. Hill*, 109 Ga. App. 759 (1c) (137 SE2d 374); *Prudential Ins. Co. of America v. Kellar*, 213 Ga. 453, 458 (99 SE2d 823). Nor can he recover under Count 2 because of omission of a coverage which he has expressly rejected in writing.

The evidence demanded a judgment for the defendant.

*Judgment reversed. Bell, P. J., and Deen, J., concur.*

ARGUED MAY 6, 1969—DECIDED MAY 16, 1969—
REHEARING DENIED JUNE 27, 1969—

*Zorn & Royal, William A. Zorn*, for appellant.
*Jack J. Helms*, for appellee.