## 48420. MUTUAL OF OMAHA INSURANCE COMPANY v. TRULUCK.

STOLZ, Judge. In this action on two medical expenses insurance policies, the insurer's defense was that the policies were void because the applications therefor, which were attached to and a part of the policies, contained misrepresentations of fact material to the risk. The undisputed showing on the defendant's motion for summary judgment, including the plaintiff's deposition, demanded the finding that the medical problem, for the treatment of which recovery is sought, is directly related to a pre-existing medical problem not disclosed on the application, thereby proving the materiality of the misrepresentations. *National Life &c. Ins. Co. v. Hullender,* 86 Ga. App. 438, 439 (1) (71 SE2d 754); *Prudential Ins. Co. of America v. Perry,* 121 Ga. App. 618 (2b) (174 SE2d 570); *All American Life & Cas. Co. v. Saunders,* 125 Ga. App. 7, 10 (186 SE2d 328) and cits.

The plaintiff's showing on the motion, that he disclosed the information in question to the defendant's agent who filled in the

applications, but that somehow it had not been written on the applications, does not estop the insurer to void the policies because of the misrepresentations on the ground that the agent's knowledge is attributable to his principal, since it appears that there is a limitation in the application on the authority of the agent sufficient to put plaintiff applicant on notice that the defendant insurer would not be "bound by any statement made by or to any agent unless written on this application"; that the plaintiff applicant in fact read both filled-in applications before signing them; and that the plaintiff was not illiterate or blind or suffering from any such disability as would prevent the presumption that he knew of the limitation of authority, from obtaining. *Reserve Life Ins. Co. v. Meeks,* 121 Ga. App. 592, 593 (174 SE2d 585) and cits.; *Reserve Life Ins. Co. v. Chalker,* 127 Ga. App. 565 (194 SE2d 290). Compare *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206, 212 (121 SE2d 649), which opinion does not show that the application for insurance contained a limitation of authority, or that the application was attached to and made a part of the policy.

If there is any conflict in the testimony, it is not between that in the affidavits supporting and opposing the motion, but rather between that of the insured and that of the agent, whose affidavit the insured offered in opposition to the motion, which conflict is immaterial. " 'The writing being unambiguous, parol evidence as to what was said by the parties at the time it was executed will not be admitted to vary or alter the terms of the writing.' " *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 632, supra, and cits.

Accordingly, there remained no genuine issue of material fact in the case, and the showing demanded a judgment for the defendant; therefore, the trial judge erred in his judgment (which was certified for immediate review) overruling the defendant's motion for summary judgment.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 4, 1973 — DECIDED SEPTEMBER 19, 1973.

*Fulcher, Hagler, Harper & Reed, John I. Harper,* for appellant.
*Calhoun & Kernaghan, Herbert E. Kernaghan, Jr.,* for appellee.