## 55633. JEFFERSON STANDARD LIFE INSURANCE COMPANY v. BRIDGES.

SHULMAN, Judge.

Appellee brought suit to recover insurance benefits under a policy insuring the life of her husband. The insurer raised, among other defenses, a defense under Code Ann. § 56-2409, alleging that material misrepresentations were made on the application for the insurance policy.

The alleged misrepresentations were answers to questions concerning the health of the insured. Mrs. Bridges testified that the insurance agent asked her a general question about her husband's health. The agent testified in a deposition introduced by appellee that he asked a general question regarding serious illness and accidents or injuries requiring hospitalization or surgery. In response, Mrs. Bridges said that her husband had been in the hospital for tests about a month earlier. According to her testimony, the agent told her that that was not the hospitalization they were looking for, and marked "No" to all the questions dealing with health. At the agent's instruction, Mrs. Bridges then took the completed application to her husband for his signature. She testified that he had a high school education, was able to read, and had the application two and a half or three hours before she returned it to the agent with her husband's signature.

Two of the questions on the application were: "12. Are you aware of any physical defect or have you had any complaint not mentioned above? 13. Have you consulted a doctor for any cause not included in above answers?" Those questions, as were all the questions dealing with health, were answered in the negative. Following the death of the insured, appellant caused an investigation to

be conducted. That investigation revealed that the insured had consulted with several doctors not revealed on the application and had received treatment for epilepsy for several years. Mrs. Bridges testified that her husband had consulted other doctors than the one whose name was given as the insured's physician. One of those doctors whose name did not appear on the application testified that the insured had consulted him on more than one occasion, identifying himself as an epileptic and seeking medication to control that condition.

Following the denial of appellant's motion for a directed verdict, made at the close of all the evidence, the jury returned a verdict for appellee.

1. The evidence in this case demands a finding that the negative answers to at least the two questions quoted above were false and that the insured knew they were false when he signed the application. We also conclude that the misrepresentations were material as a matter of law. " 'Whether misrepresentations are material is ordinarily a question for the jury, but where, as here, the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury.' [Cit.]" *New York Life Ins. Co. v. Hollis,* 177 Ga. 805, 807 (171 SE 288). See also *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618 (174 SE2d 570) and cits. (pp. 626-627) for holdings that misrepresentation as to past medical attention is material as a matter of law.

2. Appellee contends, citing *Stillson v. Prudential Ins. Co. of America,* 202 Ga. 79 (42 SE2d 121), that the insurer is estopped from asserting the misrepresentations as a defense because appellant's agent wrote down the false answers. That case is distinguishable on its facts. There, the agent allegedly pretended to write down the applicant's responses to questions while he, in fact, wrote falsehoods. The agent then allegedly covered all the application except the signature line while the applicant signed. Here, Mrs. Bridges' testimony established that she did not tell the agent about any of her husband's medical history other than his short hospital stay a month earlier. Furthermore, there is no evidence in the case at bar that the agent attempted to conceal what he had

written.

3. Appellee also contends that the knowledge of the agent that the insured had been hospitalized must be imputed to the insurer, putting it on notice that the answers were false. However, the application contained a clause limiting the authority of the agent and specifying that the insurer would only consider the information written on the application. That clause destroys the validity of appellee's argument. *Prudential Life Ins. Co. v. Perry,* supra, Division 4.

4. Relying on the holding in *Tallent v. Safeco Ins. Co. of America,* 99 Ga. App. 11 (107 SE2d 331), appellee asserts that her husband had no duty to examine the completed application because it was filled out by the agent. "However, on the facts *Tallent* is distinguishable from the present case. In *Tallent* the applicant signed an application *in blank* while here the applicant signed the form *in a completed state* and is bound by the answers to the questions appearing on it." *State Farm &c. Ins. Co. v. Anderson,* 107 Ga. App. 348, 350 (130 SE2d 144).

5. Having concluded that the application for insurance signed by Mrs. Bridges' late husband contained knowing and material misrepresentations, we hold that recovery under the policy is prevented by Code Ann. § 56-2409. It was, therefore, error to deny appellant's motion for a directed verdict. Having so held, it is not necessary that we consider the remaining enumerations of error.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 10, 1978 — DECIDED JULY 13, 1978 — REHEARING DENIED JULY 31, 1978 —

*Jones, Jones & Hilburn, Paul J. Jones, Jr.,* for appellant.

*Jack J. Helms, Berrien L. Sutton,* for appellee.