## 56995. VIRGINIA MUTUAL INSURANCE COMPANY v. HAYES.

McMURRAY, Presiding Judge.

On February 21, 1977, plaintiff made his application for automobile insurance under the provisions of the Georgia automobile insurance plan (assigned risk plan). Along with liability protection plaintiff accepted comprehensive coverage and protection against uninsured motorists. At the time of his application plaintiff made a deposit of a portion of the premium anticipated on the insurance policy. Plaintiff's policy was

assigned to defendant, and plaintiff was billed for a further installment payment on the premium and a policy issued in his name.

On March 17, 1977, plaintiff's automobile was stolen. Plaintiff notified defendant of the loss, and defendant refused to pay the claim, contending that the policy was void ab initio due to plaintiff's failure to disclose pertinent information in his written application for the insurance.

Plaintiff brought this action demanding payment under the policy of insurance. Plaintiff's motion for summary judgment was granted and defendant appeals, contending that the insurance policy should be declared void ab initio due to misrepresentation by plaintiff in the application for insurance. *Held:*

1. The Georgia automobile insurance plan is regulated by rules promulgated by the Insurance Department of the Office of the Comptroller General of the State of Georgia. In accordance with Code Ann. § 3A-124 (Ga. L. 1967, p. 618) the contents of these rules are not filed with or published by the Secretary of State in the Official Compilation of the Rules and Regulations of the State of Georgia, but the names and designations of the rules are filed. These regulations are on file in the office of the Comptroller General and open for public examination and copying pursuant to Code Ann. § 3A-124, supra.

2. Defendant contends that due to material misrepresentations contained in the plaintiff's application for insurance, the trial court erred in granting summary judgment in favor of plaintiff. Contained in the application for insurance is plaintiff's statement to the effect that he held a valid driver's license. In fact, plaintiff's driver's license had been suspended at the time of application for insurance through the date plaintiff's automobile was stolen. Regulation 120-2—14.09 (3) provides "[a]n applicant shall not be entitled to insurance nor shall any subscriber [insurance company] be required to afford or continue insurance under the following circumstances: (a) If any person who usually drives a motor vehicle does not hold . . . an operator's license." Because of this regulation the defendant insurance company in this case, unlike the insurance company in *State Farm &c. Ins. Co. v. Reese,* 116 Ga. App. 59, 60-61 (2,

3) (156 SE2d 529), was not compelled to provide insurance to plaintiff. Although the uncontroverted evidence as to the motion for summary judgment is that plaintiff had no knowledge of the suspension of his driver's license, this misrepresentation, if determined by the jury to be material, would be a sufficient basis for declaring the policy void ab initio. *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235 (248 SE2d 635).

*Judgment reversed. Deen, C. J., Smith, Banke and Underwood, JJ., concur. Carley, J., concurs specially. Quillian, P. J., and Birdsong, J., dissent in part. Shulman, J., not participating.*

ARGUED JANUARY 8, 1979 — DECIDED JUNE 28, 1979 — REHEARING DENIED JULY 16, 1979 —

*Fulcher, Hagler, Harper & Reed, James Walker Harper, Duncan D. Wheale,* for appellant.
*Allen W. Johnson,* for appellee.

CARLEY, Judge, concurring specially.

I concur with the majority's reversal of the grant of summary judgment in favor of the plaintiff since *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235 (248 SE2d 635) (1978) appears to require our holding that the absence of plaintiff's knowledge of the suspension of his driver's license is irrelevant to the determination of the viability of defendant's contention that the misrepresentation authorizes a declaration that the policy be declared void ab initio. Also, I am convinced that the majority is correct in remanding the case for a determination by the jury as to the materiality of the misrepresentation. This issue is not, in my opinion, converted from one requiring resolution by a trier of fact into one to be decided as a matter of law merely because of the contents of the Comptroller General's Regulation 120-2—14.09 (3) providing that an applicant "shall not be entitled to insurance nor shall any subscriber be required to afford or continue insurance . . ." if the usual driver of a motor vehicle does not hold a valid driver's license. Under the above mentioned regulation, it

is clear that the insurer would not have been required to issue this insurance in the first place. It is equally clear that if, prior to the date of the loss sustained by the insured, the insurer had learned of the absence of a driver's license, the insurance could have been cancelled by unilateral action of the insurer. However, I do not think that the language of the regulation dealing with the issuance and continuance of insurance coverage authorizes holding that misrepresentations regarding plaintiff's driver's license are, as a matter of law, material and sufficient to support voiding the policy ab initio. My belief that a jury question is presented in this case is strengthened by the fact that the plaintiff's "loss" resulted from the theft of his vehicle and was unrelated to the operation thereof. I concur fully with the majority opinion and all that is said therein. I concur specially only to express my firm belief that the majority correctly refused to direct the entry of summary judgment in favor of the insurer.

BIRDSONG, Judge, concurring in the reversal of the judgment but dissenting as to the case being returned for a jury trial.

While I concur in the judgment of reversal, I most respectfully dissent from the reasoning of the majority which implies that a question of fact remains for resolution by a jury.

The uncontested facts show that Hayes' driver's license was suspended and remained suspended (and thus he did not hold an operator's license) from the time of application for insurance until the time his car was stolen. Regulation 120-2—14.09(3)(a) provides, in the first instance, that such an applicant for assigned risk automobile insurance must hold a valid operator's license or he is not entitled to coverage. There is nothing equivocal or unclear in that pronouncement. In the second instance, the latter portion of Regulation 120-2—14.09 (3) reads consistently with the earlier proclamation of ineligibility, stating that if the ineligible applicant's request for insurance is assigned to an insurer, that insurer is not required to issue or continue insurance in force upon such an assigned risk applicant.

Ordinarily, it is a jury question as to whether a misrepresentation is material, but where the evidence excludes every reasonable inference except that it was material, it is a question of law for the court. *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 626 (2b) (174 SE2d 570). In this case, the authorizing regulation proscribes the entitlement of assigned risk insurance to one who is not the holder of an operator's license and grants the insurer the unlimited right to refuse to issue a policy to such an applicant or cancel coverage upon ascertainment of that fact. It can hardly be said then that the misrepresentation was not material. The question of lack of knowledge by Hayes is not a factor once it is shown that he did not, in fact, possess an operator's license. Moreover, such a misrepresentation is a sufficient basis for declaring the policy void ab initio. *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235, 238 (248 SE2d 635).

Accordingly, I would reverse the judgment of the trial court but would remand the case with direction that summary judgment be entered for the appellant insurer in accordance with its motion.

I am authorized to state that Presiding Judge Quillian joins the dissent in part and concurs in the direction of entry of summary judgment for the insurer.