## 66242. BROWNING et al. v. DAVIS.
## 66243. BROWNING et al. v. STATE FARM FIRE & CASUALTY COMPANY.

QUILLIAN, Presiding Judge.

Terry Browning, plaintiff, contacted Ted Davis, an insurance agent for State Farm Fire and Casualty Company, to secure a homeowner's policy on 5 Euclid Circle — where he and his wife lived, but the house was jointly owned with his brother Jackie Browning — the remaining plaintiff. On July 23, 1981, Terry Browning went to the office of Davis to complete an application for the insurance. He was questioned by Nadine Russell, a secretary working for Davis. She stated that she asked him all the questions on the application and correctly recorded his responses. She specifically remembered asking him if he "had any losses in the past three years." His response was "No." Browning was positive that she did not ask him whether he had any losses during the past three years. After Ms. Russell had placed his responses on the application she handed it to him and he signed. A binder was issued on the house on the date of the application — July 23, 1981. On August 13, 1981, their home was substantially damaged by fire. On March 1, 1982, State Farm notified Browning that his insurance application indicated he had no losses within the past three years and they had learned that he did have "prior losses within the past three years." Browning had one fire loss at the Golden Nugget Lounge which he owned, on June 9, 1981 — one and one-half months before he applied for this insurance. He had a fire at the Browning Car Mart in July 1980 — a little more than one year before he applied for his homeowner's insurance. State Farm returned the premium he had paid and denied his claim for insurance coverage because "of these misrepresentations . . ." Plaintiffs brought this action against State Farm and Ted Davis. Both defendants moved for and were granted summary judgment. Plaintiffs bring this appeal. *Held:*

Plaintiffs contend that the principal issue is whether summary judgment can be granted when an insurance applicant states he was not asked a specific question involving a fact which is material to the risk insured. This argument presents only one side of the issue. Also

at issue is the response of the agent who contends that the question was asked, answered, and correctly recorded. Accordingly, the full issue is whether the question was asked, answered, and correctly recorded.

In *Jarriel v. Preferred Risk &c. Ins. Co.,* 155 Ga. App. 136 (270 SE2d 238), the insurance applicant stated that he was asked only general questions about his vehicle he insured and was never asked specific questions as to previous accidents or whether he abstained from use of alcohol. His application showed negative answers for those questions. However, he signed the application. The agent stated she was required to ask all questions on the form, but did not unequivocally assert she had read those particular questions to the applicant. The evidence showed Jarriel to be a heavy drinker and he had been arrested twice for driving under the influence. The insurer denied coverage for an accident in which Jarriel was driving. The trial court found there was no genuine issue as to any material fact and granted summary judgment to defendant insurer. We reversed, holding "[i]ssues of material fact remain for the jury as to whether the erroneous answers on the application for insurance were the result of negligence or fraud of the insurance agent who was acting on behalf of and whose actions are attributable to the insurance company." A similar issue remains in the instant case. See *Barber v. All American Assurance Co.,* 89 Ga. App. 270, 274-275 (79 SE2d 48); *Nat. Life &c. Ins. Co. v. Goolsby,* 91 Ga. App. 361 (2) (85 SE2d 611). In another case with a similar factual background, *Tallent v. Safeco Ins. Co.,* 99 Ga. App. 11 (107 SE2d 331), the insured testified the only question asked him by the agent was whether anyone under 21 would drive his car and that he signed the application in blank. We held that if the jury believed the insured they would have been authorized to find for him and it was error for the trial court to direct a verdict for the insurer.

The Supreme Court, in *Stillson v. Prudential Ins. Co.,* 202 Ga. 79 (42 SE2d 121) held that " '[i]f either party must suffer from an insurance agent's mistake, it must be the insurance company, his principal. . . Apart from any question of the effect of an attempt by the insurer to limit the authority of its agent by stipulations inserted in the application or policy, or provisions in its bylaws, or by statute, the rule supported by the great weight of authority is that, if an application for insurance is drawn by an agent of the insurer, who fills in false answers to the interrogations contained therein which are truthfully answered by the insured, without fraud, collusion, or actual knowledge of the insured, or the existence of circumstances from which constructive knowledge of such falsity might be imputed to him, the insurer cannot rely upon the falsity of such answers in seeking to avoid liability under the policy issued upon the

application. The view generally taken is that the agent in making out the application acts for the insurer, and that the insurer is therefore estopped to assert the mistake...'" Accord: *Liberty Nat. &c. Ins. Co. v. Houk,* 248 Ga. 111 (2) (281 SE2d 583).

This Court, in *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660 (231 SE2d 556), held that the trial court erred in directing a verdict for the insurer based on an application which contained a negative answer to the question of whether the insured had been treated by a doctor within the past 5 years, or had been treated for a bone, joint, or back disorder within the past 10 years, and the applicant stated he had given a "yes" answer to the agent. We found that "[i]ssues as to material misrepresentation as well as *whether facts were or were not suppressed...* should ordinarily be submitted to the jury ..." Id. at 665 (Emphasis supplied).

Although there are cases which are similar to the instant case, *Jessup v. Franklin Life Ins. Co.,* 117 Ga. App. 389, 391 (160 SE2d 612); *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 1 (2) (169 SE2d 342); *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618 (1) (174 SE2d 570); *Mutual of Omaha Ins. Co. v. Truluck,* 129 Ga. App. 692 (200 SE2d 913); *Bourne v. Balboa Ins. Co.,* 144 Ga. App. 55 (240 SE2d 261), which reach a different result, they are factually distinguishable, and although *Stillson v. Prudential Ins. Co.,* 202 Ga. 79, supra, represents an earlier binding precedent *Liberty Nat. &c. Ins. Co. v. Houk,* 248 Ga. 111 (2), supra, is the latest expression of the Supreme Court on this issue and we adhere to the rules stated therein.

In the instant case the applicant stated that the critical question was not asked and the agent said the question was asked but the answer given by the applicant was false. This issue should have been submitted to the jury and the court erred in granting summary judgment to the agent and the insurer.

*Judgments reversed. Pope, J., concurs. Sognier, J., concurs specially.*

DECIDED JUNE 17, 1983 —
REHEARINGS DENIED JULY 11, 1983 —

*Walter F. Newsom,* for appellants.
*John S. Sims, Jr.,* for appellee (case no. 66242).
*John S. Sims, Jr., Richard W. Fields,* for appellee (case no. 66243).

SOGNIER, Judge, concurring specially.

I reluctantly concur as I am bound by the Supreme Court's ruling in *Liberty National &c. Ins. Co. v. Houk,* 248 Ga. 111 (2) (281

SE2d 583).

Justice Marshall's dissent in *Liberty National* sets forth the better rule in such cases.